# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4010

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Robert E. Jacobsen, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  October 17, 2000
Filed:   November 7, 2000

_____

Before McMILLIAN, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Robert E. Jacobsen, convicted on a charge of conspiracy to distribute methamphetamine, a violation of 21 U.S.C. § 846, and sentenced to a prison term of 136 months, appeals. For reversal, he argues that (1) the government's use of the testimony of a parolee violated Nebraska law and the District Court[1] erred by declining to suppress such testimony, (2) the District Court erred in determining that the government's use of a parolee's testimony did not amount to outrageous government

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

conduct, and (3) there is insufficient evidence to support the conviction. Having considered the briefs and record, we conclude that these issues have no merit.

To the extent that by means of a Fed. R. App. P. 28 (j) submission Jacobsen has succeeded in raising an issue under <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000), his claim would appear to be baseless. We are strongly disinclined to say that a new issue can be raised by a mere Rule 28(j) filing, but for purposes of this case we shall skip over the procedural point, inasmuch as it is clear that any <u>Apprendi</u> claim by Jacobsen is foreclosed by our decision in <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 933 (8th Cir. 2000) (holding that jury finding of drug quantity not required unless non-jury factual determination increases maximum sentence beyond the statutory range authorized by jury verdict). Here, Jacobsen's sentence of 136 months is well below the statutory maximum for the methamphetamine conspiracy of which the jury found him guilty. <u>Apprendi</u> therefore is inapplicable.

Having considered all of Jacobsen's arguments, we find that none of them has merit. There being no error, Jacobsen's conviction is affirmed. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.